**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4838**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JOHN IVEY HALL, a/k/a John John,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Louise W. Flanagan, District Judge.  (5:10-cr-00237-FL-1)

_____

Submitted:  June 13, 2012         Decided:  June 26, 2012

_____

Before MOTZ, SHEDD, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

J. Mark Herring, WHITE & ALLEN, P.A., Kinston, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Jennifer E. Wells, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Ivey Hall appeals the 240-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base and a quantity of marijuana, in violation of 21 U.S.C. § 846 (2006). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court imposed an unreasonable sentence. Hall was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We review a sentence imposed by a district court for reasonableness. Gall v. United States, 552 U.S. 38, 46, 51 (2007). We must first ensure that the district court committed no "significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2006) factors, and inadequate explanation of the sentence imposed. Gall, 552 U.S. at 51. If we find the sentence procedurally reasonable, we must examine the substantive reasonableness of the sentence under the totality of the circumstances. Id.

Upon review of the record, we conclude that Hall's sentence was both procedurally and substantively reasonable. Assuming, without deciding, that the 1997 drug sales should have

2

been excluded from the relevant conduct determination in Hall's presentence report, see U.S. Sentencing Guidelines Manual ("USSG") § 1B1.3 & cmt. n.9; United States v. Mullins, 971 F.2d 1138, 1144 (4th Cir. 1992) (noting, in context of wire fraud, that regularity and temporal proximity were weak or absent when charged and relevant conduct were separated by six months), Hall's base offense level and criminal history category would remain the same. See USSG §§ 2D1.1, 4A1.1(c), (d), (e) & cmt. n.8. The district court considered the § 3553(a) factors and provided an adequate explanation for the chosen sentence. See Gall, 552 U.S. at 51. In addition, Hall's within-Guidelines sentence is deemed on appeal to be substantively reasonable, United States Strieper, 666 F.3d 288, 295 (4th Cir. 2012), and we conclude that Hall did not rebut this presumption. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (stating that presumption may be rebutted by showing "that the sentence is unreasonable when measured against the § 3553(a) factors") (internal quotation marks omitted).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hall, in writing, of the right to petition the Supreme Court of the United States for further review. If Hall requests that a petition be filed, but counsel

believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hall.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED